# G & J TIRE COMPANY *v.* G. J. G. MOTOR CAR COMPANY.

EQUITY; APPEAL AND ERROR; TRADEMARKS.

1. A decree *pro confesso* in an equity cause in a Federal court is final, but is appealable upon the single question of the sufficiency of the averments of the bill to support the decree.

2. The law places no inhibition upon the use of the same mark by different persons, so long as the goods to which it is applied are so distinctive in class and quality as to forbid the probability of confusion in trade.

3. A decree *pro confesso* rendered by the Examiner of Interferences upon a demurrer to a notice of opposition is appealable to the Commissioner of Patents upon the single question of the sufficiency of the notice, since the refusal of the applicant to answer or further plead is equivalent to standing upon its demurrer and permitting judgment to be entered against it, from which a right of appeal to the Commissioner of Patents is provided by sec. 8 of the trademark act.

4. Registration of the trademark "G. J. G." inclosed in a triangular border, to be used on automobiles, is properly allowed by the Commissioner of Patents over opposition, although it appears that the opposer has adopted and made prior use of the mark "G & J" inclosed in a similar triangular border, as a trademark for rubber tires, since the descriptive properties of automobiles and rubber tires are not the same.

5. Two trademarks may be said to be appropriated to merchandise of the same descriptive properties, within the meaning of the trademark act, when the general and essential characteristics of the goods are the same. The test is whether there is such a sameness in the distinguishing characteristics of the goods that the use of similar marks would be likely to mislead the general public. If there is, only one mark should be registered. (Citing *Phoenix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285.)

No. 819.   Patent Appeals.   Submitted November 21, 1912.   Decided January 6, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, dismissing an opposition to the registration of a trademark.                                                *Affirmed.*

The facts are stated in the opinion.

*Mr. Ernest Hopkinson, Mr. Edward W. Vaill,* and *W. B. Corwin* for the appellant.

*Mr. O. E. Duffy, C. Hugh Duffy,* and *Mr. Harry A. Hegarty* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, G & J Tire Company, appeals from the decision of the Commissioner of Patents dismissing its opposition to the registration by appellee, G. J. G. Motor Car Company, of the trademark "G J G," inclosed in a triangular border, to be used on automobiles.

The material parts of the amended notice of opposition are as follows: "1. The G & J Tire Company has adopted and

used in its business continuously since October 1, 1903, a trademark for rubber tires, which consists of the letters and symbols G & J inclosed in a triangular border having certain features of ornamentation. 2. Said trademark is used in the business of said G & J Tire Company upon rubber or elastic vehicle tires. 3. That said vehicle tires, having said mark applied thereto, have been sold in intrastate and interstate commerce continuously since said adoption of said trademark up to the present time. 4. The trademark sought to be registered by the applicant. G. J. G. Motor Car Company, is so similar to the trademark of the said G & J Tire Company as to cause confusion in trade and damages to said G & J Tire Company."

Appellee demurred to the notice, which demurrer was overruled by the Examiner, and time given appellee to answer. No answer was filed within the time, and the Examiner gave notice that judgment would be rendered sustaining the motion of opposition on a fixed date, unless for good and sufficient cause shown. Within the time named, appellee filed a motion to dismiss the notice of opposition on the ground of insufficiency. The Examiner denied the motion, and rendered judgment sustaining the opposition and denying the right of appellee to register its mark. It was insisted before the Commissioner that the judgment being rendered *pro confesso,* appeal could not be taken from the decision of the Examiner. The Commissioner held, however, that the case was properly before him, and his ruling assuming jurisdiction of the appeal is challenged here. We think appeal lay from the decision of the Examiner to the Commissioner upon the single question of the sufficiency of the notice of opposition. A decree *pro confesso* rendered in an equity proceeding in the Federal courts is final, but it is appealable upon the single question of the sufficiency of the averments of the bill to support the decree. *Masterson* v. *Howard,* 18 Wall. 99, 21 L. ed. 764. The refusal of appellee to answer or further plead was equivalent to standing upon its demurrer and permitting judgment to be entered against it, from which section eight of the trademark act provides a right of appeal to the Commissioner.

The opposition is based chiefly upon the probability of the use of the marks creating confusion in trade. Before it can be held that the similarity of the marks will cause confusion in trade, it must appear that the marks are to be applied to goods of the same general class and of the same descriptive properties. Unless this be true, the mere similarity of the marks becomes immaterial. The law places no inhibition upon the use of the same mark by different persons, so long as the goods to which it is applied are so distinctive in class and quality as to forbid the probability of confusion in trade.

While rubber tires are used on automobiles, they belong to an entirely different classification from vehicles. The production of rubber tires is as foreign to the construction of vehicles as is the production of any of the other elements entering into their construction. In fact, rubber tires are not essential to vehicle construction. Even automobiles are operated with tires composed of other materials. In *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285, Mr. Justice Robb, speaking for the court, said: "We think two trademarks may be said to be appropriated to merchandise of the same descriptive properties, in the sense meant by the statute, when the general and essential characteristics of the goods are the same. To rule that the goods must be identical would defeat the purpose of the statute and destroy the value of trademarks. The test is whether there is such a sameness in the distinguishing characteristics of the goods as to be likely to mislead the general public. If there is, only one mark should be registered."

Applying this test, to the case before us, the characteristics of the goods to which the marks are applied are essentially different. The rubber tire is an independent article of commerce, and may be, or may not be, applied to an automobile. To grant the contention of the opposer would be to give it a monopoly in its mark which would dominate every article of commerce to which a rubber tire is applied. No evidence was taken in this case; hence it does not appear that any confusion has arisen from the use of the respective marks, and we confidently assume that no such showing could be made.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings in accordance with law.                                    *Affirmed.*